IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

OPAL BUTLER, INDIVIDUALLY, AND
AS SPECIAL ADMINISTRATOR OF
THE ESTATE OF JAMES BUTLER, ET.AL.                               PLAINTIFFS

VS.                    CASE NO. 4:07CV00519 JMM

UNITED STATES OF AMERICA                                          DEFENDANT

ORDER

Pending before the Court is defendant's Partial Motion to Dismiss for Lack of Jurisdiction and plaintiff's response.  For the reasons stated below the partial motion is granted (#4).

Count one of the plaintiffs' complaint alleges negligence as defined by the Arkansas Medical Malpractice Act and count two alleges a breach of a duty owed to veterans by defendants (1) to exercise reasonable care in hiring, training, and supervising employees; (2) to give appropriate care and services in a safe and beneficial manner; (3) to provide the highest level of physical, mental, and psycho social well being; and (4) to adequately staff the medical facitlity.

On June 14, 2002, plaintiff Opal Butler  presented a claim pursuant to the Federal Torts Claim Act ("FTCA") on behalf of James Butler, and the other plaintiffs, to the Veterans Administration  in which she stated:

1

> My late Husband was an inpatient at VAMC-L.R. and N.L.R. in the spring of 2001. After undergoing left hip surgery he was allowed to develop pressure sores on his left heel and left hip. The left heel became atrociously infected, suffered bad, and according to the death certificate and autopsy, this infection caused his demise. I believe VAMC personnel violated the standards of care by allowing my husband to become infected so severely.

Pl. Ex. A. to Complaint.

Plaintiff described her claim as one of medical negligence . *Id*. The claim was denied on February 26, 2007 and plaintiffs filed their complaint on May 24, 2007.

Defendant does not dispute that the Court has jurisdiction over plaintiffs' medical negligence claim; however, defendant does dispute that the Court has jurisdiction over the claims raised in count two regarding staffing, training and common law negligence because (1) plaintiff failed to present these causes of action to the Veterans Administration and (2) any claim beyond the Medical Malpractice Act is precluded by the discretionary function section of the FTCA.

The FTCA provides a limited waiver of the United States' sovereign immunity when certain jurisdictional prerequisites are met. *See* 28 U.S.C. §§ 2674-75.  Before a party may file a lawsuit, she must have "presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).  "A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency." *McCoy v. United States*, 264 F.3d 792 (8th Cir. 2001) (citing *Provancial v. United States*, 454 F.2d 72, 74-75 (8th Cir.1972)).

In addition, under 28 U.S.C. § 2680(a)  the FTCA does not waive the United States's immunity for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or

not the discretion involved be abused." *Riley v. United States*, 486 F.3d 1030 (8th Cir. 2007)(citing 28 U.S.C. § 2680(a)).

Under either of these exceptions to the FTCA, this Court does not have jurisdiction over the claims made in count two of plaintiffs' complaint as (1) they were not presented to the Veterans Administration in June of 2002 and (2) the discretionary function applies because the conduct at issue, *e.g*. staffing and training, involve elements of judgment or choices and these judgments or choices fall within that category which the discretionary function exception was designed to shield, those grounded in social, economic, and political policy. *Cf. Meyer v. United States*, 32 Fed. Appx. 163 (8th Cir. 2002) ("judgments involving the security and safety measures made available to patients staying in the domiciliary at the VA are the type of judgment the discretionary function exception was designed to shield").

All of plaintiffs' claims except the claim of negligence as defined by the Arkansas Medical Malpractice Act are dismissed.

IT IS SO ORDERED THIS   14   day of    September  , 2007.


_____
James M. Moody
United States District Judge