IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

OPAL BUTLER, INDIVIDUALLY, AND
AS SPECIAL ADMINISTRATOR OF THE
ESTATE OF JAMES BUTLER, ET AL,                                    PLAINTIFFS

V.                                  4:07CV00519 JMM

UNITED STATES OF AMERICA                                          DEFENDANT

### ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending is the Government's Motion for Partial Summary Judgment. The Plaintiffs have responded and the Government has replied.

In the Motion, the Government contends that the Plaintiffs are not entitled to damages under the Arkansas Wrongful Death Statute, Ark. Code Ann. § 16-62-102, because they will not present any proof that the decedent's death was caused by the Defendant's negligence. The Government points to specific testimony of the Plaintiff's expert, Dr. Stephen D'Amico, as proof of this contention.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

The Court has reviewed the deposition transcript of Dr. D'Amico. After review of his testimony and the relevant law, the Court cannot say that Plaintiffs' wrongful death claim is unsupported by the evidence. There is a genuine issue of material fact as to whether Defendant's alleged negligence caused Mr. Butler's death. Therefore, the Motion for Partial Summary Judgment (Docket # 52) is DENIED.

IT IS SO ORDERED this 17th day of November 2008.

_____
James M. Moody
United States District Judge